# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| **MICHELLE M. LAYTON,** | : | Case No. _____ |
| | : | |
| **Plaintiff,** | : | |
| | : | Judge _____ |
| vs. | : | |
| | : | |
| **NEWREZ LLC d/b/a SHELLPOINT** | : | (Removed from the Cuyahoga County, |
| **MORTGAGE SERVICING,** | : | Ohio Court of Common Pleas, |
| | : | Case No. CV-24-107678) |
| **Defendant.** | : | |

## NOTICE OF REMOVAL

Defendant, Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), through counsel and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby provides notice of the removal to this Court of the case entitled *Michelle M. Layton v. Newrez LLC d/b/a Shellpoint Mortgage Servicing*, having Case No. CV-24-107678, and currently pending in the Cuyahoga County, Ohio Court of Common Pleas in Cleveland, Ohio (the "State Court Action"). As grounds for removal, Shellpoint states as follows:

### BACKGROUND

1. The plaintiff, Michelle M. Layton ("Plaintiff"), initiated the State Court Action by filing a *Complaint for Damages* in the Cuyahoga County, Ohio Common Pleas Court on November 22, 2024 (the "Complaint"). Shellpoint was served with the Complaint on December 2, 2024.

2. Pursuant to 28 U.S.C. § 1446(a), copies of the case docket and all of the filings from the State Court Action constituting the "State Court Record" are attached collectively as

**Exhibit 1**. The State Court Record attached as **Exhibit 1** consists of the (a) Docket Sheet with case summary, (b) Complaint, (c) Instructions for Service, (d) Summons, and (e) Return of Service.

3. This Notice of Removal is being filed within thirty (30) days after receipt by Shellpoint of a copy of the initial pleadings setting forth the claims for relief against it, by service of process or otherwise, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4. Other than the aforementioned, no other proceedings have occurred in the State Court Action, and no other pleadings or process have been served.

5. This is not an action described in 28 U.S.C. § 1445.

6. Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

## DIVERSITY JURISDICTION

### Diversity of Citizenship of the Parties

7. This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8. In the Complaint, Plaintiff alleges that she is a resident of Bedford, Ohio, located in Cuyahoga County, Ohio.

9. Shellpoint is not a citizen of Ohio. Shellpoint is a Delaware limited liability company and is a wholly-owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition entities are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited

liability company. New Residential Mortgage LLC is a wholly-owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Shellpoint is therefore a citizen of Delaware and New York for purposes of diversity jurisdiction, and in any event, is not a citizen of Ohio.

10. Because Plaintiff is not a citizen of the same state as the only defendant named in the Complaint, the parties are completely diverse. *See* 28 U.S.C. § 1332(a); and *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

## Amount in Controversy

11. The Complaint in the State Court Action alleges various causes of action relating to a mortgage loan in Ohio.

12. Plaintiff purports to assert multiple causes of action in her Complaint, including (a) violations of the Ohio Residential Mortgage Lending Act (R.C. 1322.01, *et. seq.*), (b) violations of the Real Estate Sales Practices Act (12 U.S.C. § 2601, *et seq.*), and (c) breach of contract. *See*, **Exhibit 1**.

13. With respect to damages, Plaintiff alleges claims for actual damages (including emotional distress), punitive damages, attorney fees and costs. *Id.*

14. As to her claim for alleged violations of the Ohio Residential Mortgage Lending Act (R.C. 1322.01, *et. seq.*), Plaintiff seeks damages under R.C. 1322.45(D), which provides:

> (1) A buyer injured by a failure to comply with this section may bring an action for recovery of damages.
>
> (2) Damages awarded under division (D)(1) of this section shall not be less than all compensation paid directly or indirectly to a mortgage broker from any source, plus reasonable attorney's fees and court costs.
>
> (3) The buyer may be awarded punitive damages.

15. The original credit limit under the home equity line of credit agreement and open-end mortgage referenced in Plaintiff's Complaint was $116,100.00. *See*, **Exhibit 1** (Complaint, Ex. 1).

16. The loan modification agreement referenced in Plaintiff's Complaint includes a principal balance of $124,607.03. *See*, **Exhibit 1** (Complaint, Ex. 7).

17. The approximate value of the real property referenced in Plaintiff's Complaint is $282,300.00. See, **Exhibit 1** (Complaint, Ex. 4).

18. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010). Additionally, "[a] majority of courts addressing the valuation issue [find] that, in the context of wrongful foreclosure, the amount in controversy is measured by the market value of the property." *McGhee v. CitiMortgage, Inc*., 834 F. Supp. 2d 708, 712 (E.D. Mich. Dec. 19, 2011), citing *Meriedeth v. Fannie Mae,* 2011 U.S. Dist. LEXIS 64406, at *3 (E.D. Mich. June 13, 2011) (finding that because the property was sold for more than $75,000 at the foreclosure sale and the mortgage loan was over $75,000, the amount in controversy requirement was satisfied).

19. Although Shellpoint denies liability to Plaintiff for any of the damages sought in the Complaint, based on the foregoing, the amount placed in controversy by Plaintiff's Complaint exceeds $75,000.00, exclusive of interest and costs.

20. Consequently, removal of this action to this Court based on diversity jurisdiction is both timely and proper under 28 U.S.C. §§ 1332(a) and 1441(a).

## **FEDERAL QUESTION JURISDICTION**

21. The Complaint purports to state federal claims for violations of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et seq.*). *See* **Exhibit 1**.

22. The Complaint also purports to state claims under state law for (a) alleged violations of the Ohio Residential Mortgage Lending Act (R.C. 1322.01, *et. seq.*) and (b) common law breach of contract. *Id.*

23. The United States District Court for the Northern District of Ohio has original jurisdiction over this action under 28 U.S.C. § 1331. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint alleges violations of federal law. *See, e.g.*, *Roll v. Med. Mut. Of Ohio*, No. 1:16 CV 2487, 2016 U.S. Dist. LEXIS 168406, 2016 WL 7097630 (N.D. Ohio Dec. 6, 2016).

24. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's Complaint because such claims arise out of the same set of facts, and are part of the same case and controversy, as the claims over which the Court has original jurisdiction. *See, e.g.*, *Roll v. Med. Mut. Of Ohio*, No. 1:16 CV 2487, 2016 U.S. Dist. LEXIS 168406, 2016 WL 7097630 (N.D. Ohio Dec. 6, 2016).

## **VENUE AND PROCEDURAL REQUIREMENTS**

25. The United States District Court for the Northern District of Ohio, Cleveland Division, is the District Court for the district encompassing the Cuyahoga County, Ohio Court of Common Pleas, where the State Court Action is pending. *See* 28 U.S.C. § 115(a)(1). It follows then that venue is proper in this district under 28 U.S.C. § 1446(a).

5

26. In accordance with 28 U.S.C. § 1446(d), Shellpoint will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Clerk of Courts for the Cuyahoga County, Ohio Common Pleas Court.

27. Shellpoint expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

28. By this Notice of Removal and the associated exhibits, Shellpoint does not waive any defenses or objections it may have to this action. Shellpoint reserves the right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court.

## CONCLUSION

WHEREFORE, this action is properly removed from the Cuyahoga County, Ohio Court of Common Pleas to the United States District Court for the Northern District of Ohio, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Cuyahoga County, Ohio Common Pleas Court.

Respectfully submitted,

*/s/ Nathan H. Blaske*
Nathan H. Blaske (0076460)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 832-5486
Fax: (513) 977-8141
Email: nathan.blaske@dinsmore.com
*Counsel for Defendant, Newrez LLC d/b/a Shellpoint Mortgage Servicing*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of December, 2024, a copy of the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/ Nathan H. Blaske*
                                                    Nathan H. Blaske (0076460)